UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OB TAYLOR, Jr.,

    Plaintiff,

v.                            Case No:   2:18-cv-464-FtM-99MRM

LEE BERRY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

    This cause is before the Court on Plaintiff O.B. Taylor Jr.'s Affidavit of Indigency, filed on July 3, 2018 (Doc. 2), construed as a Motion to Proceed *In Forma Pauperis*. The Court previously reviewed Plaintiff's Complaint (Doc. 1) and Application of Indigency (Doc. 2). However, because Plaintiff failed to comply with Fed. R. Civ. P. 8 and 10, the Court required Plaintiff to file an Amended Complaint.  (Doc. 6 at 1-3). Plaintiff filed an Amended Complaint (Doc. 7) on July 26, 2018.

    The Undersigned finds that the Amended Complaint fails to comply with the Federal Rules of Civil Procedure and fails to state a cognizable claim.  Thus, the Undersigned

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

respectfully recommends that the Affidavit of Indigency construed as a Motion to Proceed *In Forma Pauperis* be denied and this case be dismissed pursuant to 28 U.S.C. § 1915.

In its prior Order, the Court stated, "it is difficult to ascertain what Plaintiff's claims are or might be." (Doc. 6 at 2). Unfortunately, the Amended Complaint (Doc. 7) suffers from the same deficiency. In viewing the Amended Complaint in the light most favorable to Plaintiff, it appears that he alleges that he worked for many different employers, in many different occupations that spanned many years. (Doc. 7 at 3-7, 9-11). Plaintiff asserts, *inter alia*, that he worked doing the following: building sewer water tunnels; fertilizing food; driving trucks; hauling furniture; building railroads; grading ground with heavy equipment; picking-up garbage; and picking oranges, cantaloupes squash, and lemons. (Doc. 7 at 3-8, 10). Plaintiff appears to claim that he never received payment for State unemployment compensation, never received payment from internal revenue taxes or any refund, and never received pay for working certain jobs. (Doc. 7 at 2, 8, 9, 11, 12).

As stated in the Court's prior Order, when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915. (Doc. 6 at 1). Section 1915 *requires* the Court to dismiss the case: (i) if the action is frivolous or malicious; (ii) if it fails to state a claim on which relief may be granted; or (iii) if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Fed. R. Civ. P. 8(a), a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).  This rule "ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests."  *See Reilly v. Florida*, No. 2:15-CV-14-FTM-38MRM, Doc. 4 at 3 (M.D. Fla. Jan. 28, 2015) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007)).  A plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).

      The Undersigned finds that Plaintiff has failed to show how the allegations in the Complaint amount to a cognizable claim in federal court.  *See Twombly*, 550 U.S. at 561-63.  Specifically, Plaintiff fails to provide a factual basis demonstrating that he is entitled to the relief requested.  As noted above, it is difficult to decipher what Plaintiff's claims are or might be.  Further, it is difficult to determine who Plaintiff claims are Defendants in this action.  In the caption of the original Complaint, Plaintiff named Lee Berry.  (Doc. 1 at 1).  In the caption of the Amended Complaint, Plaintiff only names himself.  (Doc. 7).

      The Undersigned finds that Plaintiff has failed to comply with Fed. R. Civ. P. 8 by not providing a short and plain statement of his claim showing that he is entitled to relief.  *See* Fed. R. Civ. P. 8(a).  In addition, the Undersigned finds that Plaintiff did not clearly describe how any Defendant is involved in the alleged claims.  *See id.*

      **IT IS RESPECTFULLY RECOMMENDED:**

1) The Affidavit of Indigency construed as a Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**.

2) This action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully recommended in Chambers in Ft. Myers, Florida on October 29, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties